# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CLEVELAND WADE SMITH, | |
| Plaintiff, | No. C05-0051 |
| vs. | **ORDER** |
| CRST, INC., n/k/a CRST VAN EXPEDITED, INC., | |
| Defendant. | |

_____

This matter comes before the court pursuant to defendant CRST, Inc.'s ("CRST") May 15, 2006 motion for summary judgment (docket number 16). The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## I. INTRODUCTION

### A. Procedural History

The plaintiff, Cleveland Wade Smith ("Smith"), is suing the defendant, CRST, for past and future loss of wages and benefits of employment and emotional distress. In his April 14, 2005 complaint, Smith alleges that CRST interfered with Smith's employment, acted negligently in carrying out company policies and procedures regarding the reporting of drug tests, and published false statements about Smith.

On May 15, 2006, CRST filed a motion for summary judgment. CRST asserts that it is immune from civil liability in this matter pursuant to Iowa Code Ann. § 91B.2 and is entitled to judgment as a matter of law because none of the exceptions to the immunity statute apply. Smith did not file a resistance to CRST's motion for summary judgment.

1

## B. Undisputed Material Facts

Smith applied to work for CRST as a semi-truck driver in July of 2001 and traveled to Cedar Rapids to attend CRST's orientation program. Smith left the program early because he believed that he would not earn sufficient funds. CRST is under no requirement to and did not maintain records on those drivers not hired. In May of 2003, Smith began work as a driver for K&B Transportation ("K&B"). K&B engaged DAC Services ("DAC"), an entity specializing in background checks concerning alcohol/drug testing for trucking companies, to obtain information on Smith. On May 30, 2003, CRST received a formal "Request for Drug/Alcohol Test Details" from DAC Services at the request of K&B. Department of Transportation ("DOT") regulations require that U.S. trucking companies seek and provide background information relating to alcohol/substance testing of both current and former employees and may sanction companies that fail to respond to such information requests. See 49 C.F.R. § 40.25(b) & (c).

Upon receipt of a DAC inquiry concerning background information for an employee or applicant, "reference specialists" employed by CRST conduct initial research on the desired individual. This research typically includes a motor vehicle search, review of personnel information on file with CRST, and further inquiries regarding prior employment. The reference specialist incorporates the accumulated information onto a spread sheet and then submits it to a Human Resources Specialist who relays the results to DAC. The only information CRST provides to DAC in response to formal requests include: (1) information CRST possesses on file due to a person's participation in orientation or employment with the company, and/or (2) information that CRST receives from a former employer. CRST's records show that Smith "did not meet standards" and a hand-written note on CRST's response to DAC shows that Smith "tested positive" on a drug screen from a prior employer. The author of CRST's response, Ms. Novotny, did not gather this information herself, but based it on the data provided by the reference

specialist. The information ultimately provided to DAC by CRST was believed in good faith to be accurate given the standard methods that reference specialists employ.

CRST believed in good faith that DAC Services represented K&B and was therefore entitled to all information that CRST possessed on Smith. At no time did CRST report that Smith failed a drug test administered by CRST. It is possible that CRST was mistaken in its representation that Smith had prior positive drug screen with a former employer, but such representation was made in good faith and without malice. Concerning the information contributed by CRST, the final DAC report states that Smith "Quit/Dismissed During Training Orientation," which is accurate. Since 2001, Smith has worked as a truck driver for several employees for short periods of time.

## II. CONCLUSIONS OF LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only when the record shows there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Woods v. Daimler Chrysler Corp., 409 F.3d 984, 990 (8th Cir. 2005). An issue of fact is "genuine" if it has a real basis in the record, Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)), or when "'a reasonable jury could return a verdict for the nonmoving party' on the question." Woods, 409 F.3d at 990 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A fact is material when it is a fact "'that might affect the outcome of the suit under the governing law. . . .'" Johnson v. Crooks, 326 F.3d 995, 1005 (8th Cir. 2003) (quoting Anderson, 477 U.S. at 248). In considering a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus., 475 U.S. at 587-88. Further, the court must give such party the benefit of all reasonable inferences that can be drawn from the facts. Id. at 587.

3

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." Hartnagel, 953 F.2d at 394 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 248. The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

## B. Analysis

Defendant moves for summary judgment, arguing that all three counts in plaintiff's complaint stem from an alleged false representation and fail as a matter of law because CRST is immune to suit in this case under Iowa statutory law. The relevant statute, in part, provides that an employer who,

> upon request made by a person who in good faith is believed to be a representative of a prospective employer of a current or former employee, provides work-related information about a current or former employee, is immune from civil liability unless the employer or the employer's representative acted unreasonably in providing the work-related information.

Iowa Code Ann. § 91B.2(1). The clear purpose of the statute is to guard against civil liability for an employer "'who acts reasonably in providing work-related information about a current or former employee.'" Hlubeck v. Pelecky, 701 N.W.2d 93, 99 (Iowa 2005) (quoting 1997 Iowa Acts ch. 179, at 514). An employer acts "unreasonably" and will not be afforded such protection when: (a) the offered information violates a civil right; (b) the employer knows that he is releasing the information to someone with no legitimate interest in it; or (c) the information is irrelevant to the inquiry, offered with malice, or without a good faith belief in its truth. See Iowa Code Ann. § 91.B2(2)(a)-(c). The statute's qualified privilege of immunity "applies to publications without regard to whether

4

they are defamatory per se, but it protects only those statements made without actual malice." Taggart v. Drake Univ., 549 N.W.2d 796, 803-04 (Iowa 1996) (citing Vinson v. Linn-Mar Cmty. Sch. Dist., 360 N.W.2d 108, 116 (Iowa 1984)). Any finding of actual malice demands proof that the communication was "made with ill will or wrongful motive." Id. at 804.

The court finds that there exists no genuine issue of material fact in this matter. Smith does not allege that CRST violated his civil rights. Neither does Smith contest that the information gathered by CRST was provided to a company that had a legitimate interest in obtaining background knowledge for K&B. Furthermore, there is no evidence that CRST meets the criteria of the remaining § 91B.2(c) exception. Under DOT regulations, CRST responded to a legitimate request for background information from DAC, a known purveyor of such information acting directly on behalf of Smith's then employer. CRST used appropriate company procedures to acquire background information in good faith on Smith and there is no evidence to suggest that CRST would have any motive to tender false information about a former applicant. Even though CRST may have been incorrect in its representation about the positive drug screen, there is no evidence that it was not offered in good faith.

As set forth above, the court finds that the undisputed material facts demonstrate that CRST did not act unreasonably in providing the requested drug test information and is therefore immune from civil liability.

IT IS ORDERED that the defendant's motion for summary judgment is granted. This case is dismissed. The Clerk of Court shall enter judgment for the defendant.

June 26, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT